AARON RICHARD GOLUB, ESQUIRE, PC
Attorneys for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212-838-4811
fx: 212-838-4869
ARG 6056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

EDELMAN ARTS, INC., as assignee of
XL SPECIALTY INSURANCE COMPANY,

        Plaintiff,

-against-

GALERIE GMURZYNSKA,

        Defendant.

------------------------------------X

Civil Action No.
09-CV-6259-SAS-ECF

**COMPLAINT**
(Jury Trial Demanded)

      Plaintiff EDELMAN ARTS, INC., ("Edelman"), as assignee of XL SPECIALTY INSURANCE COMPANY, by its attorney, AARON RICHARD GOLUB, ESQUIRE, PC as and for its complaint, alleges as follows:

### THE PARTIES

    1.  Edelman is and was a corporation formed under the laws of the State of New York, is authorized to conduct and conducts business in the State of New York and maintains its principal offices in the City, County and State of New York. Edelman is principally engaged in the business of exhibiting, purchasing and selling items of Impressionist, Modern and Contemporary art. At all relevant times, Edelman is and was

-1-

operated by ASHER B. EDELMAN.

2. On June 24, 2009 for value received, XL SPECIALTY INSURANCE COMPANY ("XLSIC"), assigned and transferred to Edelman all of XLSIC's right, title and interests in its claims and causes of action against defendant.

3. GALERIE GMURZYNSKA ("Gmurzynska") is a gallery located in Switzerland, and is principally engaged in the business of exhibiting, purchasing and selling items of Modern and Classic Contemporary art. At all relevant times, defendant is and was operated by KRYSTYNA GMURZYNSKA and her business partner MATHIAS RASTORFER.

## JURISDICTION

4. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C § 1332(a)(1) the diversity jurisdiction statute. Complete diversity of citizenship exists between all proper parties to this action.

5. Plaintiff, a duly formed New York Corporation asserts claims arising from a breach of contract and fraud, against defendant, a foreign corporation, which is headquartered in Zug, Switzerland and with its principal place of business in Zurich, Switzerland. Complete diversity exists between the parties in this action.

6. The complaint seeks compensatory damages believed

to be in excess of Seven Hundred and Fifty Thousand Dollars ($750,000.00) exclusive of costs and interest. Accordingly the amount in controversy is in excess of the statutory minimum of seventy-five thousand dollars ($75,000.00).

## FACTUAL BACKGROUND

7. Between on or about June 16, 2006 to November 19, 2007, Edelman and defendant entered into a series of five consignment agreements ("Consignment Agreements") concerning the following painting ("Ryman"):

> ROBERT RYMAN (b. 1930)
> *Courier I*, 1985
> Impervo enamel on aluminum
> 47¾ x 45 in (121.3 x 114.3 cm)

8. The operative and Fifth Consignment Agreement, dated November 19, 2007, obligated defendant to obtain an insurance policy providing nail-to-nail insurance coverage for the Ryman:

> "'Consignee' **warrants the works to be insured under the terms of his policy against any loss or damage in the amount of the insured value**. Such **insurance shall be provided nail-to-nail and remain in effect** until the works are either returned to 'Consignor' or his designate, in their original condition, or until payment is received in full by 'Consignor'." [emphasis added]

9. Pursuant to the Fifth Consignment Agreement, a "Cover of Insurance" ("Insurance Policy"), dated November 21, 2007, was obtained by defendant from defendant's insurance providers, Kuhn & Bulow Versicherungsmakler GmbH ("KBV"), for the Ryman. The Insurance Policy, provided the following

-3-

extensive insurance coverage:

> "...<u>we confirm coverage for the object(s) of art for the complete record of loan including all transit/transportation from nail to nail and from place to place respectively</u>.
>
> The coverage includes loss and/or damage as a result of accidents to transport means, natural disasters, fire, lightning, explosion, breakage and damage (willfully and maliciously done by third persons as well), burglary, theft, partial theft, loss, robbery as well as depreciation in value as a result of a risk covered." [emphasis added]

10. The Insurance Policy, listed the insured value of the Ryman as $750,000.00.

11. In or about December, 2007, during the term of Fifth Consignment Agreement, the Ryman, was on display to the public and offered for sale at the defendant's booth at the Basel, Miami Art Fair and consistently thereafter ("Basal Art Fair"). The Ryman, aside from previously known and existing flaws, was undamaged when viewed personally by plaintiff and plaintiff's employee during the term of the Fifth Consignment Agreement in the Basal Art Fair.

12. In or about the time of the close of the Basal Art Fair, the Ryman was allegedly professionally packed and crated by defendant, and/or its agents (including defendant's employees and representatives) and shipped to Edelman in New York in an art crate.

13. On or about December 17, 2007, the Ryman, inside the aforementioned art crate, arrived at Edelman's offices,

where it remained unopened at Edelman's offices until on or about January 15, 2008.

14. On or about January 15, 2008, Edelman entered into a consignment agreement with Vivian Horn Fine Art ("VHFA") concerning the Ryman and the Ryman was then shipped on or about the same day from Edelman's offices to VHFA, in the same unopened art crate utilized by defendant to ship the Ryman from Miami to Edelman in New York.

15. On or about January 16, 2008, when the same unopened art crate containing the Ryman was opened by VHFA who immediately discovered that the Ryman was severely damaged. The damage was a deep indentation or a gouge (the "Gouge") in the center of the Ryman.

16. The Gouge occurred during the term of the Fifth Consignment Agreement, during which the Ryman was insured as set forth above, when it was in the exclusive care, custody and control of defendant and/or its agents (including defendant's employees and representatives) during and following the Basal Art Fair and prior to the opening of the art crate at VHFA. Pursuant to the Fifth Consignment Agreement, defendant became immediately liable to Edelman for the full insured value of the Ryman in the sum of $750,000.00.

17. Between on or about January 17, 2008 to the present, pursuant to the Fifth Consignment Agreement Edelman

attempted to collect the full insured value of the Ryman from defendant, which defendant refused to pay. Defendant also instructed its insurance company KBV not to pay plaintiff the insured value of the Ryman.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Breach of Contract - Fifth Consignment Agreement)

18. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

19. Plaintiff has faithfully and duly performed all of the terms and conditions required of plaintiff to be performed.

20. Despite due demand, defendant has failed, refused, and breached the Fifth Consignment Agreement by failing to fully and completely pay the insured value of the Ryman to Edelman as a result of the Gouge.

21. Defendant's breach of contract is material and does not, in any manner, constitute substantial performance of the terms of the Fifth Consignment Agreement.

22. As a result of the foregoing, plaintiff has been damaged in a sum exceeding $750,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto, and is further entitled to exemplary damages in a sum in excess of $250,000.00 as the willful conduct of defendant demonstrates reprehensible motives

and such wanton dishonesty as to imply a criminal indifference to civil obligations.

## AS AND FOR A SECOND CAUSE OF ACTION
(Fraudulent Inducement)

23. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

24. To induce plaintiff to consign the Ryman with defendant for display and to be offered for sale at the Basal Art Fair, the defendant purposefully, falsely and fraudulently misrepresented that defendant would, act in good faith and promptly report any and all damage to the Ryman to defendant's insurance company which occurred during the term of the Fifth Consignment Agreement to RBV or otherwise comply with all other aspects of the Fifth Consignment Agreement. Defendant never intended to report such damage and never did so.

25. Defendant made each of the foregoing misrepresentations and omissions to plaintiff with knowledge of their falsity and with the intent and for the purpose of defrauding plaintiff.

26. Plaintiff actually and justifiably relied on the misrepresentations and omissions of defendant set forth above in consigning the Ryman to defendant for display and to be offered for sale at the Basal Art Fair.

27. Plaintiff, believing in the truth of defendant's statements and representations, and in reliance upon those

statements and representations, was thereby induced to consign the Ryman with defendant for display and to be offered for sale at the Basal Art Fair, which plaintiff would not have done had plaintiff known the truth of the matter and accordingly has been damaged.

28. As a direct and/or proximate result of relying on defendant's misrepresentations and/or omissions, plaintiff incurred actual damages in excess of $750,000.00, plus interest.

29. As a result of the foregoing, plaintiff has been damaged in a sum exceeding $750,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto, and is further entitled to exemplary damages in a sum in excess of $250,000.00 as the conduct of defendant demonstrates reprehensible motives and such wanton dishonesty as to imply a criminal indifference to civil obligations.

### JURY DEMAND

Plaintiff demands a jury for all claims stated herein.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

(a) On the First Cause of Action, against defendant for a sum in excess of $750,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto and is further entitled to exemplary damages in a sum in excess of $250,000.00 as the willful conduct

-8-

of defendant demonstrates reprehensible motives and such wanton dishonesty as to imply a criminal indifference to civil obligations;

(b) On the Second Cause of Action, against defendant for a sum in excess of $750,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto and is further entitled to exemplary damages in a sum in excess of $250,000.00 as the willful conduct of defendant demonstrates reprehensible motives and such wanton dishonesty as to imply a criminal indifference to civil obligations;

(c) Granting to the plaintiff such other and further relief as this Court shall deem just and proper, together with the costs and disbursements of this action, and reasonable attorney's fees.

Dated: New York, New York
July 13, 2009

Respectfully submitted,

AARON RICHARD GOLUB, ESQUIRE, P.C.
Attorney for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212-838-4811
fx: 212-838-4869
ARG 6056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 09-CV-6259-SAS-ECF

EDELMAN ARTS, INC., as assignee of
XL SPECIALTY INSURANCE COMPANY,

Plaintiff,

-against-

GALERIE GMURZYNSKA,

Defendant.

## SUMMONS AND COMPLAINT

*Attorney for Plaintiff*
*Office and Post Office Address, Telephone*
Aaron Richard Golub, Esquire, P.C.
42 East 64th Street
New York, New York 10065
212-838-4811

To

Attorney(s) for

Dated

Service of copy of the within is hereby admitted

Dated

..............................................

Attorney(s) for

---

====NOTICE OF ENTRY====

PLEASE take notice that the within is a (certified) true copy of a

duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

Attorney for

*Office and Post Office Address*
Aaron Richard Golub, Esquire, P.C.
42 East 64th Street
New York, New York 10065

To

Attorney(s) for

====NOTICE OF SETTLEMENT====

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon.

on

at                 M.

Dated,

Yours, etc.

Attorney for

Aaron Richard Golub, Esquire, P.C.
42 East 64th Street
New York, New York 10065