AARON RICHARD GOLUB, ESQUIRE, P.C.
Attorney for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212-838 4811
fx: 212-838-4869
ARG 6056

**RECEIVED OCT 0 1 2009 JUDGMENT CLERK'S OFFICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EDELMAN ARTS, INC., as assignee of
XL SPECIALTY INSURANCE COMPANY,

                Plaintiff,

-against-

GALERIE GMURZYNSKA,

                Defendant.
------------------------------------X

Civil Action No. 09-cv-06259-SAS-ECF

**AFFIDAVIT FOR JUDGMENT BY DEFAULT**

STATE OF NEW YORK   )
                           ) ss.:
COUNTY OF NEW YORK )

      AARON RICHARD GOLUB, being duly sworn, deposes and says:

      1.    I am a member of the Bar of this Court and am associated with the firm of Aaron Richard Golub, Esquire, P.C., attorneys for plaintiff in the above-entitled action and I am familiar with all of the facts and circumstances in this action.

      2.    I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of plaintiff's application for entry of a default judgment against defendant.

I.   FACTUAL BACKGROUND

   3.   This is an action to recover sums owed by defendant to plaintiff for <u>inter alia</u>, the following:

   i.   On the plaintiff's First Cause of Action for breach of contract, against defendant for a sum in excess of $750,000.00, together with legal interest, costs and expenses and exemplary damages in a sum in excess of $250,000.00; and

   ii.  On the plaintiff's Second Cause of Action for fraudulent inducement, against defendant for a sum in excess of $750,000.00, together with legal interest, costs and expenses, and exemplary damages in a sum in excess of $250,000.00.

   4.   Jurisdiction of the subject matter of this action is based on 28 U.S.C § 1332(a)(1) - the diversity jurisdiction statute.  Plaintiff, a duly formed New York Corporation asserts claims arising from a breach of contract and fraud, against defendant Galerie Gmurzynska, a foreign corporation, which is not an infant, in the military or an incompetent person, and is headquartered in Zug, Switzerland and with its principal place of business in Zurich, Switzerland.  Complete diversity exists between the parties in this action.

   5.   This action was commenced on July 13, 2009, by filing the Summons and Complaint (Ex. 1).  A copy of the summons and complaint was served on defendant on August 5, 2009 (Ex. 10).

6. Service on defendant, a Swiss entity, is effected in Switzerland through the designated Central Authority for the Canton of Zug, the Obergericht des Kantons Zug ("Obergericht"),[1] pursuant to Articles 3[2] and 5[3] of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Convention"). Service pursuant to the Convention is further mandated by the Federal Rules of Civil Procedure and

---

[1] The Obergericht is the designated Central Authority for the Canton of Zug, where defendant is located.

[2] Article 3 of the Convention states as follows:

> "The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.
>
> The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate."

[3] Article 5 of the Convention states in relevant part as follows:

> "The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
>
> a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
>
> \*   \*   \*
>
> If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
>
> That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document."

other controlling authorities. See FRCP Rule 4(f)(1)[4] and 4(h)(2)[5] and <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u>, 486 U.S. 694, 108 S.Ct. 2104 (1988).

II. **SERVICE ON DEFENDANT THROUGH THE CENTRAL AUTHORITY FOR THE CANTON OF ZUG**

7. My office contacted the Obergericht concerning service on defendant in Zug and was advised that in order to effect service on defendant, plaintiff would need to submit the following documents:

> i. A Form USM-94 Request for Service Abroad of Judicial or Extrajudicial Documents ("Form USM-94"), issued by this Court (original plus one copy);
>
> ii. Two copies of the Summons and Complaint; and
>
> iii. A certified translation of the Summons and Complaint (original plus one copy).

8. On July 21, 2009, my office submitted a Form USM-94 to this Court, which it So Ordered on July 22, 2009 (Ex. 2).

---

[4] Rule 4(f)(1) states in relevant part as follows:
"... Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States:
> 1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;"

[5] Rule 4(h)(2) states in relevant part as follows:
"... Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> \* \* \*
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

9. Plaintiff commissioned a certified translation of the Summons and Complaint (Ex. 3), as required by the "International Judicial Assistance in Civil Matters Guidelines 3th edition 2003 (updated in July 2005)" ("Swiss Guidelines") which my office obtained from the Schweizerische Eidgenossenschaft - Federal Department of Justice and Police website (Ex. 4). Service on a defendant located in Switzerland through the Convention must comport with the internal laws of Switzerland in order for service to be deemed valid by courts in the United States. See Garg v. Winterthur, 525 F.Supp.2d 315 (SDNY, 2007).[6]

10. Between July 23, 2009 to July 27, 2009, my office was in communication with representatives of the Obergericht concerning the proper procedure for submitting the Form USM-94 and all other necessary documents for proper service on defendant pursuant to the requirements of the Convention.

---

[6] The court in Garg, supra, acknowledged the following procedures for service in Switzerland pursuant to the Convention:

> " 'Switzerland has designated a Central Authority for each canton.' Hague Convention: Information for Both Service and Evidence Abroad, available at http://bern.usembassy.gov./hague_convention.html (last visited Nov. 15, 2007). The rules set forth by Switzerland under the Hague Convention require that documents proffered for service should be in the official language of the canton where they are to be served or accompanied by translations into that language. [citation omitted]. Further, the Swiss rules note that Switzerland made specific reservations regarding translations at the time it agreed to the Convention and 'unless the party to be served will accept service voluntarily, the documents to be served must be accompanied by a translation into the language of the authority addressed.' " Id. 525 F.Supp.2d at 322.

11. On July 23, 2009, Mr. Thomas Anderegg, a representative of the Obergericht, requested that my office provide specific legal authority authorizing counsel to submit the Form USM-94 directly to the Obergericht to request service on defendant pursuant to the Convention.

12. Pursuant to Mr. Anderegg's request, my office submitted an e-mail brief, which detailed specific sections of the Swiss Guidelines concerning the authority and competency of counsel to submit the Form USM-94 directly to the Obergericht to request service on defendant (Ex. 5).

13. On July 27, 2009, Mr. Peter Furger, a Gerichtsschreiber[7] at the Obergericht, and Mr. Anderreg's supervisor at the Obergericht sent an e-mail stating, <u>inter alia</u>, that the Obergericht would accept the Form USM-94 from my office for service (Ex. 6).

14. On July 28, 2009, this office sent to the Obergericht, via registered mail, the original and a copy of the Form USM-94, the Summons and Complaint, dated July 13, 2009, and a certified translation of the Summons and Complaint for service on defendant through the Convention (Ex. 7).

15. On August 3, 2009, the Obergericht confirmed receipt of plaintiff's Form USM-94 and all annexed documents thereto by telephone and advised that service on defendant in Zug

---

[7] Gerichtsschreiber is a position equivalent to Clerk of the Court.

through the Convention would take approximately one month to complete. The Obergericht also advised my office that it would send written confirmation once service on defendant had been completed.

16. On or about August 10, 2009, the Obergericht sent a letter ("Obergericht Letter") (Ex. 8) to my office, bearing the official seal of the Obergericht confirming that the Summons and Complaint (Ex. 1) was duly and legally served on defendant in accordance with the requirements of the Convention and the laws of Switzerland (Ex. 8). My office commissioned a certified translation of the Obergericht Letter (Ex. 9).[8]

17. The reverse side of the Form USM-94 (Ex. 2) has a form Certificate of Service ("Form Certificate"), to be completed and returned by the Obergericht to confirm service on the defendant, but the Obergericht considered the Form Certificate unnecessary, and in lieu thereof, the Obergericht sent the Obergericht Letter (Ex. 8). The Form Certificate is not necessary to confirm that defendant was properly served pursuant to the Convention and the laws of Switzerland. See

---

[8] A translation of the body of August 10, 2009 letter reads as follows:

"The above addressee of the service refused to accept the documents. Under the relative regulations in effect in Zug, the documents are thus considered to have been served at the time of the attempt, i.e. on August 5, 2009 (GVP 1997/98, p. 211 f). Enclosed we are returning the service documents, to our discharge." (Ex. 9).

Burda Media, Inc., v. Viertel, 417 F.3d 292, 301 (2nd Cir. 2005).

18. My office contacted Mr. Furger, via telephone, at the Obergericht upon receipt of the Obergericht Letter (Ex. 8) to inquire why the Obergericht did not complete and return the Form Certificate. Mr. Furger advised my office that as a matter of its normal procedures, the Obergericht does not complete and return the Form Certificate on the reverse side of the Form USM-94. Instead, the Obergericht routinely sends letters similar to the Obergericht Letter (Ex. 8) confirming that service has been completed pursuant to the Convention.

19. Mr. Furger further confirmed that defendant opened the envelope containing the Form USM-94 (Ex. 2), the Summons and Complaint (Ex. 1), and the certified translation of the Summons and Complaint (Ex. 3) and returned all enclosed documents to the Obergericht. Accordingly, the defendant has full and legal notice of the Summons and Complaint (Ex. 1). See Garg, supra,[9] holding:

> "Thus, where the plaintiff made a good faith attempt to comply with the Convention, and where the defendant received sufficient notice of the action such that no injustice would result, the court may deem service of process properly perfected.[citation omitted].

---

[9] Garg, supra, concerned a New York plaintiff suing a corporation located in the Winterthur, Switzerland, which is in the Canton of Zurich. Plaintiff served its summons and complaint on defendant through the Convention, and service was accomplished pursuant to Switzerland's internal laws. The court held that plaintiff's compliance with the Convention constituted valid service on the defendant.

```
                    *    *    *
```
'The Central Authority's return of a completed certificate of service is "prima facie evidence that the Authority's service ... was made in compliance with the Convention,"... Similarly, here, the Central Authority returned a completed Certificate of Service to the plaintiff...

```
                    *    *    *
```
. . .Further, as Winterthur had notice of the action against it . . . the Court finds that service of process on Winterthur was perfected in accordance with the Hague Convention." Id. 525 F.Supp.2d at 323-323.

### III. DEFENDANT'S DEFAULT

20. On August 17, 2009, proof of service with a certified translation of the Obergericht Letter (Ex. 10), was electronically filed with the Court (Ex. 10) and a hardcopy of the proof of service was submitted to the Court the same day (Ex. 11). Pursuant to FRCP Rule 12(a)(1)(A)(i),[10] defendant had until on or before August 25, 2009 to serve an Answer or otherwise defend against the Summons and Complaint (Ex. 10), which defendant failed to do. Defendant's failure to answer the Complaint (Ex. 1) or to otherwise defend within the time set forth in Rule 12, et seq., entitles plaintiff to entry of a judgment by default pursuant to FRCP Rule 55.[11] See Phillip

---

[10] Rule 12(a)(1)(A)(i) states as follows:
"(a) Time to Serve a Responsive Pleading.
(1)   In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
   (A)   A defendant must serve an answer:
   (i)    within 21 days after being served with the summons and complaint;"

[11] Rule 55 sates in relevant part as follows:
"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

-9-

Morris USA Inc., v. A & V Minimarket, Inc., et al., 592 F.Supp.2d 669 (SDNY, 2009).[12]

21. There can be no doubt that defendant was properly served, as the Obergericht Letter (Ex. 8) is deemed *prima facie* evidence of proper service and notice of this present action. See Garg, supra.

22. The Obergericht Letter (Ex. 8) conforms to all of the requirements of Article 6[13] of the Convention, concerning the requirements of a certificate confirming service, including *inter alia*, providing a statement of the method of service, the place and the date of service and the person to whom the document was delivered. See Burda, supra.

23. Burda, supra, concerned the submission of a police report from the French police, as proof of service of a summons and complaint, in lieu of the form Certificate of Service, in support of a motion for entry of a judgment by default. The court in deciding on the adequacy of the police report as proof of service held as follows:

---

must enter the party's default."

[12] Holding:
"Philip Morris is entitled to a judgment by default by virtue of the defendants' failure to answer the complaint or otherwise defend against the lawsuit. [citation omitted]." Id. 592 F.Supp.2d at 672.

[13] Article 6 states in relevant part as follows:
"The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service."

"The Hague Convention requires a Central Authority or its designated agent to 'complete a certificate in the form of the model annexed to the present Convention.' Hague Convention, Art. 6. This model requires the foreign agency to state whether the service occurred or not and to '<u>include the method, the place, and the date of service and the person to whom the document was delivered.</u>' " [citation omitted].

As the district court properly observed, <u>the police report dated August 12, 1998 provides all of this information and thus serves the same purpose as a formal Certificate: to confirm service, or lack thereof, under the Hague Convention</u>.

\*   \*   \*

We see no reason why the police report cannot serve as a substitute for a formal Certificate in this case. Notwithstanding its separate format, the police report provides the same information as the Certificate." [emphasis supplied] <u>Id</u>. 417 F.3d at 301.

24. In this case, the Obergericht Letter (Ex. 8) contains all of the required elements set forth in Article 6 of the Convention to confirm service pursuant to the Convention,[14] including, <u>inter alia</u>, the following:

> i. The method of service - Defendant was served by the Obergericht pursuant to Swiss law, i.e. GVP 1997/98, p. 211 f (Ex. 8);
>
> ii. The place of service - Defendant was served at Galerie Gmurzynska, Unter Altstadt 20, 6300 Zug (Ex. 8);
>
> iii. The date of service - defendant was served by the Obergericht on August 5, 2009 (Ex. 8); and
>
> iv. The person to whom the document was delivered - The Obergericht served the documents directly on the defendant (Ex. 8).

25. The time for defendant to answer the Summons and

---

[14] <u>See</u> <u>Unite National Retirement Fund v. Ariela, Inc.</u>, 2008 WL6556399 (SDNY, June 25, 2008) and <u>Burda</u> <u>supra</u>.

Complaint (Ex. 1) or otherwise defend has expired. Defendant's default warrants the entry of a judgment by default. See Atlantic Steamers Supply Co., Inc., v International Maritime Supplies Co., Ltd., 268 F.Supp. 1009 (SDNY, 1967). In Atlantic, supra, the court granted plaintiff's motion for default judgment against defendant, a corporation located in Switzerland, which was duly and legally served,[15] and failed to answer within the time period set forth in Rule 12, et seq.

### IV.     JUDGMENT AMOUNT IS $767,438.35

26. This action seeks judgment for the liquidated amount of $750,000.00 (Ex. 12), plus interest at 9% from July 13, 2009, plus costs and disbursements in the amount of $1,120.00, plus reasonable attorney's fees in the amount of $2,000.00[16] incurred in the preparation of the default judgment application, for a total as of September 30, 2009 of $767,438.35 - see annexed copy of Statement of Damages (Ex. 13) - which is justly due and owing, and no part of which has been paid except as set forth herein.[17]

---

[15] Atlantic, supra, was decided prior to Switzerland becoming a signatory to the Convention in 1985. Defendant was served pursuant to United States law and service was deemed valid by the Division of the Police of the Swiss Federal Department of Justice and Police because such service was not in violation of the laws of the United States and the default was granted.

[16] The regular billing rates of my office for the time spent in preparing this default judgment application are in excess of $2,000.00, but as the rules of this Court provide for attorney's fees usually not to exceed $2,000.00, I respectfully request the award of the maximum allowable amount of $2,000.00 as reasonable attorney's fees herein.

[17] As alleged in the Complaint (Ex. 1 par. 2), plaintiff's insurer XL Specialty Insurance Company ("XLSIC") assigned to plaintiff all of XLSIC's rights in its claims against the defendant.

27. Exhibit 12 is a copy of the Consignment Agreement between the parties, dated November 19, 2007 referenced in pars. 7-8 of the Complaint (Ex. 1), and a copy of a Cover of Insurance dated November 21, 2007 - also referenced in the Complaint, pars. 9-10 (Ex. 1). The Consignment Agreement and Cover of Insurance (Ex. 12) demonstrate the insured value, and thus plaintiff's damages, of $750,000.00 (Ex. 1 pars. 7-10, 18-22, and 24-29).

28. The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, plaintiff requests the entry of Default and entry of the annexed Judgment against defendant Galerie Gmurzynska.

_____
AARON RICHARD GOLUB

Sworn to before me this
1st day of October, 2009

_____
NOTARY PUBLIC

DAVID LU
Notary Public, State of New York
No. 02LU6139860
Qualified in Kings County
Commission Expires January 17, 2010